**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4198NI

_____

Dennis Steva, Co-Administrator for    *
the Estate of Derek William Steva;    *
Deborah J. Steva, Co-Administrator for    *
the Estate of Derek William Steva;    *
David Daniel Berger, by Dennis Steva    *    Appeal from the United States
and Deborah J. Steva,    *    District Court for the Northern
   *    District of Iowa.
       Appellants,    *
   *      [UNPUBLISHED]
    v.    *
   *
Soo Line Railroad Company,    *
   *
       Appellee.    *

_____

Submitted:  May 21, 1997
Filed: July 11, 1997

_____

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

On a foggy winter night in rural Iowa, Derek William Steva drove his vehicle into the sixty-eighth car of a ninety-one car train operated by the Soo Line Railroad Company.  Derek was killed.  Dennis and Deborah J. Steva brought this action against the Railroad as administrators for Derek's estate and on behalf of his son.  Although

the crossing was marked with federally funded reflectorized cross buck signs, the Stevas alleged the Railroad failed to provide adequate warning devices at the crossing. The district court granted summary judgment to the Railroad, holding the Stevas' inadequate warning device claims were preempted by the Federal Railroad Safety Act of 1970, 49 U.S.C. §§ 20101-20153 (1994). The Stevas appeal.

It is undisputed that federal funds participated in the installation of the cross buck warning signs, with Federal Highway Administration (FHWA) approval. Thus, the Stevas' inadequate warning device claims are preempted. See Elrod v. Burlington N. R.R. Co., 68 F.3d 241, 244 (8th Cir. 1995). To avoid preemption, the Stevas point out that no FHWA diagnostic team evaluated the crossing and decided the cross bucks were adequate. The federal government's funding of crossing devices implicitly indicates federal regulators have considered the devices' adequacy, however. See id. The Stevas also contend there is a genuine issue of fact: whether the cross buck signs were "operating" at the time of the accident. See Kiemele v. Soo Line R.R. Co., 93 F.3d 472, 475-76 (8th Cir. 1996); Lubben v. Chicago Cent. & Pac. R.R. Co., No. 96-146, 1997 WL 283549, at *5 (Iowa May 21, 1997) (inadequate maintenance of warning device claims are not preempted). This contention comes too late. In their resistance to the Railroad's summary judgment motion, the Stevas never alleged or presented evidence that the signs were not working when the accident occurred. They cannot create the issue of fact on appeal. See Roth v. G.D. Searle & Co., 27 F.3d 1303, 1307 (8th Cir. 1994); Fed. R. Civ. P. 56(c). Last, the Stevas assert the State may impose more stringent requirements to reduce local safety hazards. See 49 U.S.C. § 20106 (1994). According to the Stevas, the crossing was especially hazardous because of the high volume of traffic, the lack of an active warning device, the grade and angle, and the surrounding vegetation. These conditions can commonly be found at other crossings, however, and can be adequately addressed within uniform, national standards. See O'Bannon v. Union Pac. R.R. Co., 960 F. Supp. 1411, 1420-21 (W.D. Mo. 1997). Thus, the Stevas have failed to identify any "specific, individual hazard"

that would save their claims from preemption.  See CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 675 n.15 (1993).

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.